IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:11-cr-79-HSO-JMR-1

BOBBY EARL KEYS

### ORDER DENYING DEFENDANT'S MOTIONS [46][47][57][60][61][62][63][64][67][68]

Before the Court are ten Motions [46][47][57][60][61][62][63][64][67][68] filed *pro se* by Defendant Bobby Earl Keys. Defendant challenges the validity of his conviction and sentence and seeks various forms of relief including recusal of the undersigned judge, a trial, and a second court-ordered psychological examination by a doctor of his choice. For the following reasons, Defendants' Motions [46][47][57][60][61][62][63][64][67][68] should be denied.

### I. FACTS AND PROCEDURAL HISTORY

On November 4, 2011, Defendant Bobby Earl Keys pleaded guilty to mail fraud in violation of 18 U.S.C. §1341. Prior to sentencing, Defendant's court appointed counsel filed a Motion [26] for Psychological Evaluation, asserting that there was reason to believe that Defendant suffers from a mental disease and that he was suffering from a mental disease "at the time of the offense that affected his ability to understand the wrongfulness of his actions." Mot. [26] for Psychological Eval. at pp. 1-2. The Government did not oppose the Motion, and on February 1, 2012, the Motion was granted.

On May 18, 2012, Defendant's counsel filed a Motion for a Supplemental

Psychological Examination, submitting that Defendant had undergone an evaluation by a psychologist with the Bureau of Prisons but disagreed with the psychologist's findings that he was competent and wished for a supplemental exam. Mot. [29] for Suppl. Psychological Exam. at p. 2. On June 5, 2012, the Court conducted a competency and sentencing hearing. Defendant's counsel argued that a supplemental psychological evaluation was also needed because Defendant had allegedly suffered a head injury while incarcerated on May 18, 2012. Hearing Tr. [41] at p. 18. Defendant contends that this alleged fall has caused him permanent brain damage. Def.'s Objs. [53] at pp. 4-5.

The Court reviewed the psychologist's report and heard testimony from Defendant and his probation officer. Hearing Tr. [41] at pp. 4-20. The Court also reviewed an email from a nurse at the jail where Defendant was housed concerning his mental and physical condition prior to and subsequent to his alleged fall. *Id.* at p. 18. Based upon the record and its evaluation of Defendant's demeanor and credibility at the hearing, the Court denied Defendant's Motion [29] for a Supplemental Psychological Exam and found Defendant competent. *Id.* at pp. 18-20. After Defendant's Motion for a Psychological Exam was denied, Defendant immediately informed his counsel that he wished to withdraw his plea. *Id.* at p. 21. His counsel made a motion to withdraw Defendant's plea, which the Court denied. *Id.* at pp. 21-23. The Court noted that Defendant's request of his counsel further supported the conclusion that Defendant understood the nature of the proceedings and was competent. *Id.* at pp. 22-23. Defendant was sentenced to 150 months

incarceration, three years supervised release, and payment of $98,098.66 in restitution. Judgment [34].

On June 19, 2012, Defendant's counsel filed a Notice of Appeal [35]. On March 8, 2013, Defendant filed *pro se* a Motion [47] for New Trial pursuant to Federal Rule of Civil Procedure 33 based on alleged new evidence and a Motion [46] for Appointment of Counsel to represent him for purposes of the Motion for New Trial. On April 2, 2013, the Fifth Circuit Court of Appeals dismissed Defendant's appeal based on an appeal waiver provision contained in his Plea Agreement [23]. USCA Judgment [48]. On April 10, 2013, the Fifth Circuit entered an Order [51] allowing Defendant's attorney to withdraw as counsel. Since that time, Defendant has filed eight additional *pro se* Motions in this Court.

Defendant's Motions challenge the validity of his conviction and sentence. He takes issue with his counsel's performance and the Court's handling of the plea, competency, and sentencing proceedings. Defendant argues that he was not competent at the time that he entered his plea or at the time that he was sentenced. Def.'s Objs. [53] at pp. 2, 4-5. He requests that the Court appoint a certain neurosurgeon to examine him. Def.'s Mot. [57] to Appoint Dr. Julian Bales. Defendant submits that the Court was required to sentence him within the lower 50% of the applicable guideline range, as recommended by the Government. Def.'s Objs. [66] at p. 3.[1] Defendant requests a trial and that the undersigned District

---

[1] At the plea hearing, Defendant acknowledged that he understood "that the terms of the plea agreement and plea supplement are merely recommendations to

3

Judge recuse himself and testify at trial regarding the email from the jail nurse referred to at the competency hearing. Mot. [63] to Recuse at p. 2.

II. DISCUSSION

A. Defendant's Motion [63] for Recusal

Defendant contends that the undersigned should recuse himself pursuant to 28 U.S.C. § 455 because of the reference to an email during the competency hearing "without affording any notice to the Defendant and no opportunity to develop a response to the adverse information communicate [sic] there." Def.'s Mot. [63] to Recuse at p. 1. The email was written by a nurse at the jail where Defendant was housed and concerned Defendant's mental and physical condition before and after Defendant alleges that he incurred a head injury. Sealed Email [30-2]. Defendant submits that the Court's reliance on this email violated his Sixth Amendment right to be confronted with the witnesses against him. Def.'s Mot. [63] to Recuse at p. 2.

Defendant has not stated sufficient grounds to warrant recusal under the terms of 28 U.S.C. § 455. "[F]acts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification." *United States v. Randall,* No. 10-11024, 44 F. App'x 283, 286 (5th Cir. Sept. 1, 2011). "[A]dverse rulings in a case are not an adequate basis for demanding recusal." *United States v. MMR Corp.,*

---

the Court," and that the Court could "reject those recommendations without permitting [him] to withdraw [his] plea of guilty" and that the Court could "impose a sentence that is more severe . . . ." Plea Hearing Tr. [40] at p. 11.

954 F.2d 1040, 1045 (5th Cir. 1992). Defendant's Motion [63] for Recusal should be denied.

B.  Defendant's Motion [47] for New Trial and Motions [46][57][60][61][62][64][67][68]

By its express terms, a Federal Rule of Criminal Procedure 33 Motion for a New Trial is confined to those situations in which a trial has been held. Here, Defendant waived his right to a trial by pleading guilty. A motion for a new trial is an improper method by which to challenge the validity of a guilty plea. *United States v. Prince,* 533 F.2d 205, 208 (5th Cir. 1976); *Williams v. United States,* 290 F.2d 217, 218 (5th Cir. 1961). "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11(e).

Defendant's direct appeal has been dismissed. Defendant waived his right to file a 28 U.S.C. § 2255 Motion as part of his Plea Agreement with the Government. Plea Agreement [23] at p. 4. With few exceptions, a defendant's waiver of his right to seek relief pursuant to § 2255 will bar collateral relief. *United States v. Jones,* No. 1:06-cr-35-LG-JMR, 2009 WL 3633350, *1 (S.D. Miss. Oct. 28, 2009). Should Defendant nevertheless choose to file a 28 U.S.C. § 2255 Motion, he is advised that the time for filing such a motion is governed by 28 U.S.C. § 2255(f) and that the motion must:

>   (1)   specify all the grounds for relief available to the moving party;
>   (2)   state the facts supporting each ground;
>   (3)   state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Rule 2(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Moreover,

> The motion must substantially follow either the form appended to these rules or a form prescribed by a local district court rule. The clerk must make forms available to moving parties without charge.

Rule 2(c) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Based on the foregoing, Defendants' Motions [46][47][57][60][61][62][64][67][68] are procedurally improper and should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motions [46][47][57][60][61][62][63][64][67][68] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to furnish Defendant with the appropriate forms for filing a Motion pursuant to 28 U.S.C. § 2255.

**SO ORDERED AND ADJUDGED,** this the 3rd day of July, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE